## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**DEBORAH MORGAN**                                   **CIVIL ACTION**

**VERSUS**                                           **NO. 11-2461**

**GREAT SOUTHERN DREDGING, INC., et al.**            **SECTION: "G"(2)**

### ORDER AND REASONS

Before the Court are non-removing defendant Archer Western Contractors, Ltd.'s ("AWA") Motion to Alter or Amend Judgment[1] and the ineligible for Federal Officer Removal defendant Great Southern Dredging Inc.'s ("Great Southern") Motion to Alter/Amend Judgment,[2] which both request that this Court reconsider its order and judgment to remand this matter to state court.[3] After considering the notice of removal, the pending motions, the oppositions, the reply, the record, and the applicable law, the Court will deny the pending motions, and reaffirm its remand of this action to state court.

### I. Background

*A. Factual Background*

The U.S. Army Corps of Engineers ("Corps") awarded a contract to AWA to carry out a levee repair and construction project ("Project") in New Orleans East.[4] AWA then hired Great Southern to perform a portion of the work under the Corps' contract.[5] In connection with the Project, according to AWA and Great Southern, the Corps also contracted with URS Corporation ("URS") "to provide

---

[1] Rec. Doc. 42.

[2] Rec. Doc. 44.

[3] *See* Rec. Doc. Nos. 39, 40.

[4] Rec. Doc. 16 at p. 1.

[5] *Id.* at p. 1.

1

Quality Assurance Inspectors to represent the Corps in relation to its project."[6]  Ronald Maggio ("Maggio"), an employee of URS, in his role as Quality Assurance Inspector at CTU-6 pump station, was to act as the "eyes and ears" of the Corps.[7] Maggio carried out this "de facto on-site federal officer" function by first reviewing the plans and specifications of the Project, and then monitoring the work performed by Great Southern employees to ensure compliance with the Corps' plans and specifications.[8] If Maggio determined that Great Southern employees deviated from the plans and specifications, according to Great Southern, Maggio had the authority to stop the non-compliant work and consult with Great Southern's on-site supervisor to ensure Great Southern's compliance once work resumed.[9]

William Morgan ("Morgan"), Plaintiff's husband, was employed by Great Southern and assigned to work on the Project.[10]  On April 12, 2011, the crew was scheduled to assemble and install a pump.[11] However, when a crane operator did not arrive at the site, the crew met and decided to modify the task and only assemble the pump.[12] Great Southern employees attempted to assemble two pipes according to plan specifications set forth in the forty-three page Pump Installation Instructions and detailed drawing of the assembly, both prepared by the pump manufacturer and approved by the

---

[6]  *Id.* at pp. 4, 6-7; Ex. 16-1 at pp. 1-2.  URS provided Quality Assurance Inspectors to represent the interests of the Corps in relation to the contract designated as "W912P8-09-C-0062."  Rec. Doc. 16-1 at p. 1.

[7]  Rec. Doc. 16 at pp. 4, 7; Ex. 16-1 at p. 2.

[8]  Rec. Doc. 16 at p. 7.

[9]  Rec. Doc. 16-1 at p. 2.

[10]  Rec. Doc. 1-5 at p. 2.

[11]  Rec. Doc. 25 at p. 8.

[12]  It is unclear whether the task modification was to the production goal assigned for that day, to the manner in which the task was carried out, or both.  *See id.* at pp. 8-9.  Amanda Phillips's deposition alleges that Great Southern crew members reviewed the Pump Installation Manual incorporated into the Corps' plans and specifications the evening of April 11, 2011, but does not advise whether the crew followed the instructions contained therein.  *Id.*  In Plaintiff's Motion to Remand, Plaintiff alleges that Morgan's death was caused when the "straps detached from the backhoe, [causing] the pipe [to fall] onto Mr. Morgan crushing him."  Rec. Doc. 12-1 at p. 2.

Corps.[13] The Pump Installation Instructions and the detailed drawing called for the use of a nylon sling to hoist the intake pipe into the air for assembly.[14] During the assembly, one of the pipes began to rotate, eventually allowing the pipe to come loose and collapse on top of Morgan.[15] Morgan was crushed under the weight of the intake pipe and later died as a result of his injuries.[16]

Plaintiff filed a Petition for Damages and Wrongful Death in the Civil District Court for the Parish of Orleans, State of Louisiana on September 29, 2011, against Great Southern and AWA (collectively "Defendants"), claiming that her husband was a Jones Act seaman or, in the alternative, that his death was caused by the intentional acts of Defendants so as to meet the exception to suits prohibited by the Louisiana Workers Compensation Act.[17]

On September 29, 2011, Great Southern filed a Notice of Removal in the Eastern District of Louisiana invoking this Court's jurisdiction pursuant to 28 U.S.C. § 1442(a)(1), the Federal Officer Removal Statute.[18] In that Notice of Removal, Great Southern incorrectly claimed that it "was working as a federal contractor at the time under the direction of the U.S. Army Corps of Engineers, thus permitting removal on the basis on 28 U.S.C. [§] 1442(a)(1)," rather than disclosing that it was a subcontractor to the non-removing defendant, AWA.[19] Great Southern's Notice of Removal also stated

---

[13] Rec. Doc. 16 at pp. 5-6.  *See* Ex. 16-2 at pp. 1-2, Pump Installation Instructions; Ex. 16-3 at p. 8.  The Pump Installation Instructions and detailed drawing of the assembly were said to have been incorporated into the Corps' project plans and specifications.  Rec. Doc. 16 at pp. 5-6.

[14] It is unclear from the briefs whether the "strap" referenced in Plaintiff's Reply Memorandum in Support of Motion to Remand is the same as the nylon sling referenced in the Pump Installation Instructions and detailed assembly drawing.  *See* Rec. Doc. 25 at p. 2.

[15]  *Id.*

[16]  *Id.*

[17]  *See* Rec. Doc. 1-5.

[18]  Rec. Doc. 1.

[19]  *Id.* at ¶ 6.

that "Great Southern has contacted the only other defendant to have been served, Archer Western, and it has consented to the removal of this action to Federal Court."[20] No mention of AWA's independent entitlement to Federal Officer Removal was mentioned in Great Southern's Notice of Removal. Further, AWA did not file a separate Notice of Removal. The case was initially assigned to Section "C," Judge Helen "Ginger" Berrigan.[21] On October 6, 2012, this matter was transferred to Section "G."[22] Plaintiff then timely filed a Motion to Remand on October 28, 2011.[23]

### B. Procedural Background

On September 30, 2012, the Court granted the motion to remand.[24] The Court found that Great Southern, the only party to file a Notice of Removal asserting that it is entitled to Federal Officer Removal, did not assert a federal defense, and therefore did not meet the standard for removal set out in *Mesa* by the United States Supreme Court.[25] Additionally, while in the Notice of Removal Great Southern alleged that it was a contractor for the Government, through the briefing of these issues it was revealed that Great Southern was actually a subcontractor to AWA, and only AWA had a contract with the Government.[26] Therefore, Great Southern could not show that it had a contract with the Government; as such, it could not meet the requirement that it acted under the direction of a federal officer as is

---

[20] *Id.* at ¶ 3.

[21] Rec. Doc. 2.

[22] Rec. Doc. 6.

[23] Rec. Doc. 12.

[24] Rec. Doc. 39.

[25] *Id.* at p. 12.

[26] *Id.* at pp. 12-13. The Court also noted that the Fifth Circuit has not extended Federal Officer Removal to subcontractors. *See id.* at p. 13.

necessary to initiate removal under 28 U.S.C. § 1442.[27] Accordingly, this Court remanded this action to state court.

On October 29, 2012, AWA filed a motion to amend the order to remand this case.[28] On the same day, Great Southern filed a motion asking for the same relief.[29] On November 13, 2012, Plaintiff filed oppositions to both defendants' motions.[30] On December 27, 2012, AWA filed a reply in support of its motion to alter or amend the judgment.[31]

## II. Parties' Arguments

### A. AWA's Motion to Alter or Amend Judgment

1. AWA's Memorandum in Support

In support of its motion to alter or amend the judgment remanding this matter, AWA argues that "at the time of the accident giving rise to this mater AWA was acting under a federal officer in performance of a federal contract and therefore is entitled to the exercise of the Court's jurisdiction. Whether AWA's subcontractor [Great Southern] qualifies as a federal officer should have no bearing on AWA's separate and distinct right to have this matter proceed in federal court."[32] AWA contends that this Court erred in remanding this matter to state court because "[r]emoval premised on 28 U.S.C. § 1442(a)(1) does not require unanimous consent to the removal among the defendants. It should be of no moment whether AWA initiated removal or consented to its subcontractor's Notice of Removal."[33]

---

[27] *Id.* at pp. 12-13 (citing *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 398 (5th Cir. 1998)).

[28] Rec. Doc. 42.

[29] Rec. Doc. 44.

[30] Rec. Doc. Nos. 47, 48.

[31] Rec. Doc. 57.

[32] Rec. Doc. 42-1 at p. 1.

[33] *Id.* at p. 3.

AWA argues that Great Southern, AWA's subcontractor, was the first served defendant in this matter and initiated removal; therefore, it is AWA's contention that it was unnecessary for AWA to file its own Notice of Removal and that there was "no procedural vehicle for it to do so once the first served defendant intiate[d] the process."[34] AWA notes that it "consented to removal, answered the plaintiff's petition, and actively opposed the plaintiff's Motion to Remand."[35] Relying on the United States Court of Appeals for the Fifth Circuit's decision in *Fowler v. Southern Bell Telephone & Telegraph Co.*,[36] AWA states that when "removal is premised on the Federal Officer Removal Statute, the Court should separately consider the merits of all quests for federal jurisdiction," and if one defendant meets this criteria, the entire action cannot be remanded.[37]

To this end, AWA avers that it meets all the criteria articulated by the United States Supreme Court in *Mesa v. California*,[38] to entitle it to Federal Officer Removal.[39] AWA argues that this Court erred because it only focused on Great Southern's entitlement to Federal Officer Removal. Therefore, AWA requests a "separate and distinct analysis" of its entitlement to removal under this statute, which it claims would reveal the applicability of this provision to AWA and prevent remand.

2. Plaintiff's Opposition

In opposition to AWA's motion to alter or amend the prior judgment of this Court, Plaintiff contends that AWA "is merely rehashing arguments" made in opposition to the motion to remand, and

---

[34] *Id.*

[35] *Id.*

[36] 343 F.2d 150 (5th Cir. 1965).

[37] Rec. Doc. 42-1 at p. 3.

[38] 489 U.S. 121 (1989).

[39] Rec. Doc. 42-1 at pp. 4-5.

therefore the motion should be denied at its outset.[40] In addition, Plaintiff notes that AWA was not the removing party in this action "and as such, cannot step in and assert the federal contractor defense to support the removal filed by [Great Southern]."[41] Plaintiff argues that for AWA to assert its separate entitlement to Federal Officer Removal, it should have removed the case itself, instead or merely consenting to Great Southern's Notice of Removal, or at least formally joined in the removal "since it had been served at the time of filing of the Notice of Removal of [Great Southern]."[42] Therefore, Plaintiff contends that it would be improper for this Court to consider AWA as a removing party.[43] Additionally, Plaintiff contends that even if AWA were to receive a separate and distinct analysis of its entitlement to Federal Officer Removal, it could not satisfy the elements announced in *Mesa* because it cannot establish a causal nexus between Plaintiff's claims and the work it allegedly performed under the Corps contract.[44]

   3. AWA's Reply

   In response to Plaintiff's opposition, AWA argues that it could not remove the state court action.[45] AWA reiterates that Federal Officer Removal does not require consent from all defendants, and claims that once Great Southern removed this action "no procedure existed for AWA to remove the action."[46] AWA further notes that it was served with Plaintiff's petition on September 23, 2011, and

---

[40] Rec. Doc. 48 at p. 2.

[41] *Id.* at p. 3.

[42] *Id.*

[43] *Id.*

[44] *Id.* at pp. 3-5.

[45] Rec. Doc. 57 at p. 1.

[46] *Id.*

Great Southern filed a Notice of Removal on September 29, 2011.[47] AWA claims that it "evidenced the exercise of its right to federal jurisdiction by consenting to [Great Southern's] removal efforts."[48] Furthermore, AWA reasserts its argument that it averred a federal defense adequate to invoke Federal Officer Removal.[49]

**B. Great Southern's Motion to Alter/Amend Judgment**

   1. Great Southern's Memorandum in Support

   Great Southern contends that the Court should reconsider its order remanding this case because both it and AWA qualify as federal contractors for purposes of Federal Officer Removal.[50] Concerning itself, Great Southern maintains that in the Notice of Removal it averred that it was a federal contractor and that it had a federal contractor defense.[51] Moreover, Great Southern maintains that *Mesa* only requires that a party aver a federal defense.[52] Additionally, Great Southern argues that while it might not have had a contract with the Government, AWA did, and therefore this action should not be remanded because AWA is eligible for Federal Officer Removal.[53]

---

[47] *Id.* at p. 2.

[48] *Id.*

[49] *Id.* at pp. 2-3.

[50] Rec. Doc. 44-1 at p. 1.

[51] *Id.*

[52] *Id.* at p. 3.

[53] *Id.* at pp. 2-3.

2. Plaintiff's Opposition

In opposition to Great Southern's motion, Plaintiff reiterates her contention made in opposition to AWA's motion that reconsideration is inappropriate in this matter because it merely rehashes arguments this Court has previously rejected.[54] Further, Plaintiff maintains that even if Great Southern had a federal contract, it could not avail itself of Federal Officer Removal because "that contract did not require [Great Southern] to remove the strap," and therefore there is no causal nexus.[55]

### III. Standard on a Motion for Reconsideration

Although the Fifth Circuit has noted that the Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba*,"[56] it has consistently recognized that such a motion may challenge a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b).[57] Such a motion "calls into question the correctness of a judgment,"[58] and courts have considerable discretion in deciding whether to grant such a motion.[59]   In exercising this discretion, courts must carefully balance the interests of justice with the need for finality.[60] Courts in the Eastern District of Louisiana have generally considered four factors in deciding motions for reconsideration, which are typically decided under the Rule 59(e) standard:

> (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;

---

[54] Rec. Doc. 48 at pp. 1-3.

[55] *Id.* at pp. 4-5.

[56] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).

[57] *Id.* (Rules 59 and 60); *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *3-4 (E.D. La. Apr. 5, 2010) (Vance, C.J.) (Rule 54).

[58] *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.)*, 303 F.3d 571, 581 (5th Cir. 2002).

[59] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).
[60] *Id.* at 355-56.

(2) the movant presents newly discovered or previously unavailable evidence;
(3) the motion is necessary in order to prevent manifest injustice; or
(4) the motion is justified by an intervening change in controlling law.[61]

A motion for reconsideration, "'[is] not the proper vehicle for rehashing evidence, legal theories, or arguments. . . .'"[62]  Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[63]  "It is well settled that motions for reconsideration should not be used . . .  to re-urge matters that have already been advanced by a party."[64]

Reconsideration, therefore, is not to be lightly granted, as "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly"[65] and the motion must "clearly establish" that reconsideration is warranted.[66]  When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[67]

---

[61] *See, e.g.*, *Castrillo*, 2010 WL 1424398, at *4 (citations omitted).

[62] *Id.* (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004)).

[63] *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).

[64] *Helena Labs.*, 483 F. Supp. 2d at 539 (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)).

[65] *Templet*, 367 F.3d at 478-79 (citation omitted).

[66] *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

[67] *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F.Supp.2d 471, 481 (M.D. La. 2002). *See also Mata v. Schoch*, 337 B.R. 138, 145 (S.D. Tex. 2005) (refusing reconsideration where no new evidence was presented).  *See also FDIC v. Cage*, 810 F.Supp. 745, 747 (S.D. Miss. 1993) (refusing reconsideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).

## IV. Law and Analysis

### A. Great Southern's Eligibility for Federal Officer Removal

The Court has already addressed at length in its prior order whether Great Southern was eligible for removal, in its own right, under the Federal Officer Removal statute. The Court determined that Great Southern does not qualify for removal under controlling precedent.[68] Moreover, in Great Southern's Notice of Removal it misrepresented to the Court that it was a contractor to the federal government, when in fact, it had a subcontract with a contractor who had a contract with the federal government, AWA. Upon its motion to alter or amend the judgment, Great Southern has brought forward no new arguments or intervening authority that would warrant another conclusion; in fact, Great Southern does not effectively re-urge this issue for reconsideration. As noted above, motions for reconsideration are not to be used to re-urge arguments already advanced and rejected by a court.[69] For all these reasons, the Court will not reconsider whether Great Southern could avail itself of Federal Officer Removal, in its own right, as Great Southern has not met the standard to entitle it to reconsideration on this issue.

### B. AWA's Entitlement to Federal Officer Removal

1. Who Must Remove under 28 U.S.C. § 1442

Both defendants have proposed that this Court erred in granting the motion to remand because AWA does in fact meet the standard for Federal Officer Removal. By federal statute, a defendant seeking removal of an action, irrespective of the specific grounds for removal, must file a Notice of Removal in the district court "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or

---

[68] *See* Rec. Doc. 39 at pp. 12-14.

[69] *Helena Labs.*, 483 F. Supp. 2d at 539.

11

proceeding is based, or within 30 days after the service of summons upon the defendant if such initial

pleading has then been filed in court and is not required to be served on the defendant, whichever period

is shorter."[70] The Federal Officer Removal statute states that:

> (a) A civil action or criminal prosecution that is commenced in a State court and that is
> against or directed to any of the following **_may be removed by them_** to the district court
> of the United States for the district and division embracing the place wherein it is
> pending:
>
>> (1) The United States or any agency thereof or any officer (or any person acting
>> under that officer) of the United States or of any agency thereof, in an official
>> or individual capacity, for or relating to any act under color of such office or on
>> account of any right, title or authority claimed under any Act of Congress for
>> the apprehension or punishment of criminals or the collection of the revenue.
>> (2) A property holder whose title is derived from any such officer, where such
>> action or prosecution affects the validity of any law of the United States.
>> (3) Any officer of the courts of the United States, for or relating to any act under
>> color of office or in the performance of his duties;
>> (4) Any officer of either House of Congress, for or relating to any act in the
>> discharge of his official duty under an order of such House.[71]

A plain reading of this statute only vests the right to remove an action with the party who

actually falls under one of the enumerated categories. The language of the statute does not imply that

a defendant who would be unable in its own right to remove under this statute may nonetheless initiate

removal on behalf of another defendant who potentially could. Moreover, Defendants cite no authority

to support removal on such a premise would be permissible.

2. Whether the Court Must Examine a Non-Removing Party's Eligibility for Federal Officer

Removal

AWA has argued that when removal is premised on the Federal Officer Removal statute, a court

should separately consider all defendants "quests for federal jurisdiction."[72] AWA has also claimed that

---

[70] 28 U.S.C. § 1446(b).

[71] 28 U.S.C. § 1442(a) (emphasis added).

[72] Rec. Doc. 42-1 at p. 3.

it could not have filed a Notice of Removal itself, because after Great Southern filed its notice, there was no procedural mechanism for it to remove this action. However, a case cited by AWA in support of its motion to amend the judgment undercuts this very argument.

AWA has relied on the Fifth Circuit's decision in *Fowler*, where two defendants, Strasser and West, sought removal under 28 U.S.C. § 1442.[73] Strasser and West both filed petitions for removal, independently pleading their case for Federal Officer Removal, and a third defendant filed no petition for removal.[74] The Fifth Circuit then analyzed both Strasser and West's eligibility for removal under 28 U.S.C. § 1442.[75] Therefore, AWA's argument that there was no procedural mechanism by which it could assert its independent grounds for removal after a Notice of Removal was filed by Great Southern, is inaccurate. It is evident in *Fowler* that multiple defendants may in fact file separate notices of removal. Regardless of who filed a Notice of Removal first, another defendant could always file into the record its own Notice of Removal setting forth its grounds for removal.

In *Fowler*, each defendant who believed it was entitled to Federal Officer Removal, filed a Notice of Removal, and only then did the Fifth Circuit engage in a separate analysis of each parties' eligibility; here, only Great Southern filed a Notice of Removal setting forth its alleged entitlement to Federal Officer Removal, and therefore only its Notice of Removal and allegations of entitlement to Federal Officer Removal were considered. Great Southern did not meet the criteria for federal officer removal and so the case was remanded. In *Fowler*, the Fifth Circuit did not evaluate the statute's

---

[73] 343 F.2d at 152.

[74] *Id.* ("Defendants Strasser and West then removed the case to the United States District Court for the Northern District of Georgia by filing timely removal petitions under 28 U.S.C.A. § 1442**2** The **petitions** stated that West and Strasser were special investigators for the Alcohol and Tobacco Tax Division, Internal Revenue Service. Both defendants, while denying the wiretap, alleged that 'such acts complained of by plaintiff, if committed, were committed within the scope of defendant's employment and under the color of his office and not for any purpose personal to this defendant.' Plaintiff filed no motion to remand. Southern Bell did not file a removal petition but it is settled that the filing of a petition for removal by a single federal officer removes the entire case to the federal court.") (emphasis added) (citing *Allman v. Hanley*, 302 F.2d 559 (5th Cir. 1962)).

[75] *Id.* at 153-54.

13

applicability to the non-removing defendant because there, as here, there was no reason to do so. As will

be discussed below, AWA only first alleged its entitlement to Federal Officer Removal after the 30 day

period allowed for removal permitted by statute. Therefore, Defendants have still failed to provide

authority that a district court should examine the entitlement to removal under this statute for a party

that has not filed a Notice of Removal asserting such claims.

      3. AWA's "Consent" to Removal

      As yet another argument, AWA contends that because it consented to Great Southern's Notice

of Removal, the issue of who filed the Notice of Removal is "of no moment" and therefore it is entitled

to a separate analysis of whether it qualifies for Federal Officer Removal.[76] However, the concept of

"consent" in inapplicable in the context of Federal Officer Removal, because an eligible defendant may

remove even without the consent of the other defendants.[77] This Court has already determined that Great

Southern did not have a right to remove this action under 28 U.S.C. § 1442. Therefore, it was not an

"eligible defendant" for removal purposes; and so, AWA's consent to the Notice of Removal, which

failed to include any allegation of facts that AWA had an independent claim for Federal Officer

Removal, did not cure that defect.[78] This Court considered the propriety of removal based upon the

instrument that removed this case from state court – Great Southern's Notice of Removal.

---

[76] This Court notes that the language of the removal statutes and Fifth Circuit precedent does not draw a material difference between "consent" or "joinder" to a Notice of Removal in this context, and therefore the Court is unpersuaded by Plaintiff's argument that AWA should have formally "joined" in the Notice of Removal instead of merely consenting. *See* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must ***join in or consent to*** the removal of the action.")(emphasis added); *see also Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1261 (5th Cir. 1988).

[77] *Doe v. Kerwood*, 969 F.2d 165, 167 (5th Cir. 1992).

[78] This Court has recently addressed a somewhat analogous issue in another matter. *See Andrews v. AMERCO*, No. 12-1840, 2013 WL 352101 (E.D. La. Jan. 29, 2013) (Brown, J.). There, this Court, relying on the express wording of the relevant statute, remanded the matter and determined that a non-diverse defendant lacked the ability to initiate removal under 28 U.S.C. § 1441(b)(1) by claiming fraudulent joinder, even though the diverse-defendants consented to the Notice of Removal, because diverse-defendants' consent to the Notice of Removal could not cure this defect. *Id.*

Nevertheless, even if this Court were to accept AWA's position that when a defendant who is eligible for Federal Officer Removal joins or consents to the Notice of Removal of a non-eligible defendant, all defects related to who filed the notice are cured, AWA still could not defeat remand here, because consent to removal by an "eligible defendant" does not constitute removal of an action pursuant to 28 U.S.C. § 1442. While not addressed by the parties, AWA's alleged consent to Great Southern's Notice of Removal, even if consent were applicable here, is defective. Courts within this district have recognized that:

> [T]o properly establish consent to removal, a defendant who does not sign an original Notice of Removal *cannot rely solely on a representation of its consent from removing defendants*... Rather, the removing defendants must also at a minimum unambiguously state that they have been *authorized to represent to the court on behalf of the non-removing defendant that the non-removing defendant has consented to the removal.*[79]

Moreover, in discussing how a defendant may demonstrate "consent," the Fifth Circuit has stated:

> But while it may be true that consent to removal is all that is required under section 1446, a defendant must do so itself. This does not mean that each defendant must sign the original petition for removal, *but there must be some timely **filed written indication** from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so,* that it has actually consented to such action. Otherwise, there would be nothing on the record to "bind" the allegedly consenting defendant.[80]

Here, the only timely indication in the record of AWA's consent to the Notice of Removal was Great Southern's assertion in the Notice of Removal that "Great Southern has contacted the only other defendant to have been served, Archer Western, and it has consented to the removal of this action to Federal Court."[81] Such a bare statement is inadequate to establish consent for a non-removing defendant

---

[79] *Spoon v. Fannin Cnty. Cmty. Supervision & Corr. Dept.*, 794 F.Supp. 2d 703, 709 (E.D. Tex. 2011) (emphasis added) (citing *Getty Oil*, 841 F.2d at 1262 n. 11).

[80] *Getty Oil*, 841 F.2d at 1262 n. 11 (emphasis added).

[81] Rec. Doc. 1 at ¶ 3.

like AWA, even if consent were applicable to removal under 28 U.S.C. § 1442, because it was not made in a filed written statement by AWA, nor did it state that Great Southern had the authority to formally act on AWA's behalf.

AWA's first appearance in this suit occurred on October 28, 2011 when it answered Plaintiff's petition and claimed the Federal Officer Removal defense, but even if the Court were to construe such an action as written consent to the removal, it occurred more than thirty days after Plaintiff filed this action in state court.[82] AWA's first affirmative statement expressing its consent to removal appeared in its opposition to the motion to remand, filed on March 20, 2012.[83] But again, this was more than 30 days after AWA was served and consent is not necessary for Federal Officer Removal, because only "eligible defendants" may remove. Consent to the removal by an eligible defendant does not constitute removal of the action.

Finally, for much the same reasons as explained above, even if this Court were to construe AWA's answer or opposition to Plaintiff's motion to remand – where AWA first makes its case that it qualifies for Federal Officer Removal – as a Notice of Removal, such actions were untimely pursuant to 28 U.S.C. § 1446. AWA admits that it was served on September 23, 2011. As noted above, AWA's answer was filed on October 28, 2011 and its opposition to the motion to remand was filed on March 20, 2012, both well over 30 days from service.[84] Therefore, the Court will deny Defendants' motions seeking to amend this Court's order remanding this action to state court.

---

[82] Rec. Doc. 11.

[83] Rec. Doc. 16.

[84] Rec. Doc. Nos 9, 16.

## V. Conclusion

For the reasons stated above, Great Southern is not an "eligible defendant" for removal under 28 U.S.C. § 1442, and even if AWA was an "eligible defendant" pursuant to 28 U.S.C. § 1442, its failure to timely file a notice or removal prevents it from now defeating remand. Accordingly,

IT IS HEREBY ORDERED that AWA's Motion to Alter or Amend Judgment[85] is DENIED;

IT IS FURTHER ORDERED that Great Southern's Motion to Alter/Amend Judgment[86] is DENIED;

IT IS FURTHER ORDERED that this matter is REMANDED to Civil District Court for the Parish of Orleans for further proceedings.

New Orleans, Louisiana, this  3rd  day of May, 2013.

NANNETTE JOLIVETTE BROWN
UNITED STATES DISTRICT JUDGE

---

[85] Rec. Doc. 42.

[86] Rec. Doc. 44.

17